IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,                          )
                                           )    2:09-cv-00314-GEB-GGH
                  Plaintiff,               )
                                           )    STATUS (PRETRIAL
        v.                                 )    SCHEDULING) ORDER
                                           )
ROBERT T. MURPHY; VELMA DORIS              )
MURPHY,                                    )
                                           )
                  Defendants.              )
                                           )

        The status (pretrial scheduling) conference scheduled for
September 21, 2009 is vacated since the parties indicate in the Joint
Status Report that the following Order should issue.


        SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

        No further service, joinder of parties or amendments to
pleadings is permitted, except with leave of Court, good cause having
been shown.

                            DISCOVERY

        All discovery shall be completed by November 24, 2010.  In
this context, "completed" means that all discovery shall have been
conducted so that all depositions have been taken and any disputes
relative to discovery shall have been resolved by appropriate orders,
if necessary, and, where discovery has been ordered, the order has

1

been complied with or, alternatively, the time allowed for such compliance shall have expired.[1]

Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)(c)(i)'s initial expert witness disclosure requirements on or before June 23, 2010, and any contradictory and/or rebuttal expert disclosure authorized under Rule 26(a)(2)(c)(ii) on or before July 23, 2010.

<u>MOTION HEARING SCHEDULE</u>

The last hearing date for motions shall be January 24, 2011, at 9:00 a.m.[2]

Motions shall be filed in accordance with Local Rule 78-230(b).  Opposition papers shall be filed in accordance with Local Rule 78-230(c).  <u>Failure to comply with this local rule may be deemed consent to the motion and the Court may dispose of the motion summarily</u>. <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994). Further, failure to timely oppose a summary judgment motion may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate a genuine issue of material fact remains for trial. <u>Cf</u>. <u>Marshall v. Gates</u>, 44 F.3d 722 (9th Cir. 1995).

Absent highly unusual circumstances, reconsideration of a motion is appropriate only where:

---

[1]   The Magistrate Judges in the Eastern District are responsible for resolving discovery disputes. <u>See</u> Local Rule 72-302(c)(1).  A party conducting discovery near the discovery "completion" date risks losing the opportunity to have a judge resolve a discovery dispute concerning that discovery.

[2]   This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

1         (1)   The Court is presented with newly discovered evidence

2 that could not reasonably have been discovered prior to the filing of

3 the party's motion or opposition papers;

4         (2)   The Court committed clear error or the initial decision

5 was manifestly unjust; or

6         (3)   There is an intervening change in controlling law.

7 A motion for reconsideration based on newly discovered evidence shall

8 set forth, in detail, the reason why said evidence could not

9 reasonably have been discovered prior to the filing of the party's

10 motion or opposition papers.  Motions for reconsideration shall comply

11 with Local Rule 78-230(k) in all other respects.

12         The parties are cautioned that an untimely motion

13 characterized as a motion in limine may be summarily denied.  A motion

14 in limine addresses the admissibility of evidence.

15 FINAL PRETRIAL CONFERENCE

16         The final pretrial conference is set for March 21, 2011, at

17 11:00 a.m.  The parties are cautioned that the lead attorney who WILL

18 TRY THE CASE for each party shall attend the final pretrial

19 conference.  In addition, all persons representing themselves and

20 appearing in propria persona must attend the pretrial conference.

21         The parties are warned that non-trial worthy issues could be

22 eliminated *sua sponte* "[i]f the pretrial conference discloses that no

23 material facts are in dispute and that the undisputed facts entitle

24 one of the parties to judgment as a matter of law."  Portsmouth Square

25 v. S'holders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

26

27

28

1   The parties shall file a <u>JOINT</u> pretrial statement no later

2 than seven (7) calendar days prior to the final pretrial conference.[3]

3 The joint pretrial statement shall specify the issues for trial and

4 shall estimate the length of the trial.[4]  The Court uses the parties'

5 joint pretrial statement to prepare its final pretrial order and could

6 issue the final pretrial order without holding the scheduled final

7 pretrial conference.  See <u>Mizwicki v. Helwig</u>, 196 F.3d 828, 833 (7th

8 Cir. 1999) ("There is no requirement that the court hold a pretrial

9 conference.").

10   <u>If possible, at the time of filing the joint pretrial</u>

11 <u>statement counsel shall also email it in a format compatible with</u>

12 <u>WordPerfect to: geborders@caed.uscourts.gov.</u>

13         <u>TRIAL SETTING</u>

14   Trial shall commence at 9:00 a.m. on June 21, 2011.

15 Dated:  September 18, 2009

16

17                 _____
       GARLAND E. BURRELL, JR.

18       United States District Judge

19

20

21

22

---

23   [3] The failure of one or more of the parties to participate in
 the preparation of any joint document required to be filed in this case

24 does not excuse the other parties from their obligation to timely file
 the document in accordance with this Order.  In the event a party fails

25 to participate as ordered, the party or parties timely submitting the
 document shall include a declaration explaining why they were unable to

26 obtain the cooperation of the other party.

27   [4] **The joint pretrial statement shall also state how much time**

28 **each party desires for voir dire, opening statements, and closing**
 **arguments.**